Paul Bell v. Kiliokijakazi So the next case set for today and for oral argument is Sauk-Suiattle Indian Tribe v. City of Seattle. So you may come forward. You may begin. May it please the court. Your Honor's Jack Fyander. I serve as general counsel for the Sauk-Suiattle Indian Tribe in the state of Washington. I expect to complete my portion of the oral argument before my time runs out. To the extent any time is left, I would reserve it for rebuttal. Although I may not exercise that because the matter I believe is fully and competently briefed. The judicial system is the best machine ever invented for finding out what happened and what to do about it. That's a quote from the late Irving Kaufman, a circuit judge for the Second Circuit United States Court of Appeals. History is not the past. It's a roadmap through the present. In this appeal, the Sauk-Suiattle Indian Tribe is calling on this panel to go back in time to 1787 and come forward in time to the present. And after doing so, rule that the District Court for the Western District of Washington erred in concluding that the civil action filed in the Superior Court of the State of Washington for Skagit County should be removed from the capable hands of the Washington State Judiciary. The standard for removal of a civil action from state to federal court is essentially that the face of the complaint, considered as a whole, must raise such a substantial federal question that the United States District Court should exercise original jurisdiction. And the face of your complaint specifically said that the actions you were challenging violated the supremacy clause of the United States Constitution. Correct. And you told the district judge during oral argument that the case raised federal questions. Correct. So why wouldn't that have been enough for removal? Because considering the complaint as a whole under the well-pleaded complaint report, perhaps that was inartfully worded, but the role of the supremacy clause is merely that that provided the basis for Congress to enact federal statutes in 1848 and 1853 establishing the Oregon and Washington Territorial Acts. So, I mean, I understand that argument, but in your relief section, you asked the District Court to declare that the dam violates the supremacy clause of the United States Constitution. So that may or may not be a well-founded claim from someone reading the complaint, but you're certainly making the claim that the actions complained of violate the United States Constitution, which to me is an archetypal reason to remove a case. Okay, at the time, okay, that the dam was constructed, commencing in 1917, those federal acts referred to were the supreme law of the nation. Shortly after that, the state of Washington in its constitution incorporated by reference those federal laws, which admittedly were enacted pursuant to the supremacy clause. So the role of those laws under the supremacy clause is that they merely provided the basis for Washington to incorporate by reference into their constitution, and they were later repealed because there was no need for the territorial acts, Washington having become a state. But to address your supremacy clause concern, let's think about that supremacy clause. At the time it was enacted, it provides that this constitution and the laws of the United States, which may be enacted and all treaties made under authority of the United States, shall be the supreme law of the land, and the judges of every state shall be bound thereby. That language, the judges of every state shall be bound by those laws, that language, given its plain meaning, contemplates that state judges may entertain federal questions that arise during the course of an adjudication. That happens all the time. A state judge in a criminal prosecution, for example, resolves whether a search and seizure is lawful under the Fourth Amendment of the United States Constitution. Assume, before your time runs, assume for the moment that removal was proper. The district judge dismisses because, in the view of the district court, the entirety of the lawsuit is an attack on a FERC order, and that FERC orders can be challenged only in federal court of appeals. How do you respond to that decision? I mean, that's the basis for the dismissal in the end. I would respond to that in a couple ways, one of which is that going through the numerous exhibits in the supplemental excerpts of record, okay, the city references that the FERC order, okay, was premised, and the tribe's participation in it was premised upon its agreement to a 1981 and 1990 FERC settlement agreement, which was amended in 2011, which addressed spill over the dam, okay? So, the reason being because this gorge dam blocking the Skagit River, which we believe is in violation of law, it had already blocked the salmon, and because of that, salmon could only spawn below the dam. So, agreements were reached that FERC accepted and premised its license upon that provided for increased spill of water over the dam so that the salmon nests and the salmon eggs therein wouldn't get dewatered. But within that agreement that's incorporated by reference into the FERC order, there's clear language that says no party to that agreement waived their rights or obligations under any existing laws, which would include state laws. So, there was no reason to appeal FERC's issuance of an order based on an agreement regarding spill because that portion was satisfied. But as to the legality of the dam, no party to that proceeding waived the right to raise that issue, I would say. And practically— But it was a FERC order.  I agree. Okay. Well, I guess I'm still puzzled then because, I mean, well, one, if it was a FERC order and you didn't agree with it, why didn't you file a challenge to that order in 1995 when it issued the relicensing—when it was—that relicensing order was issued without a fish passageway requirement? Well, a couple things, I guess. At the time that was—that order was issued, the tribe, the Soxhoatl tribe and also the upper Skagit Indian tribe, had only recently been federally recognized. They had no money. It was prior to the, you know, the authorization of tribal casinos. That's one practical reason. There was no reason for it. But I don't think that agreement waives. Just because the order did not require fish passage and required spill, I would say that it essentially did not waive that. Council, you don't dispute that the FERC order specifically addressed fishways, allowed the dam to operate without fishways, and provided that on motion it could retake up this issue if someone asked it to, right? Correct. But also, I'm left with some confusion on that issue because in the last round of sub-supplemental briefing after this appeal was filed, the same district court judge in a case nearly identical determined that the declaratory judgment action regarding fish passage being required to be imposed did not—the tribe was not challenging Section 13. It was not barred by Section 13 of the Federal Power Act because they weren't challenging the license. The appellant is not saying FERC can't issue a license. They're saying that this action should not have been removed from the Washington state judiciary because it didn't raise a substantial or predominant issue involving a federal question and that the tribe is not challenging the FERC license. It is merely asking for a declaratory judgment that the dam, as constructed in 1917, was contrary to state law, which remains in effect. And that's reflected in— Which would affect the FERC order, would it not? I'm not sure how we can or you can get around that. And I'm trying to figure that out and I haven't been able to. Well, I would say the state adjudicatory action is not trying to regulate the dam or denying its license. It's merely seeking a declaratory judgment that it was constructed improperly under the laws of the state of Washington. To this day, there remains a criminal law on the books. But if you're right on that argument, what then is the remedy? It has to be, I think, that the dam can't operate because it's been constructed improperly. That is to say the license is not good. So what am I missing? No, this action would merely result in a declaratory judgment that the construction of the dam, because it lacks a fishway, is not in conformity in the state law. And under state law, there remains on the books of the state of Washington that it is a misdemeanor to operate a dam without a fishway. It results in criminal prosecution and a fine of $500. That's the remedy. But then the dam would continue to operate under the FERC license? Yes, it would be subject to substantial penalties, I believe, of $500 per day. And the penalty would be assessed against Seattle City Light? Correct. Has anyone with authority for bringing such a criminal charge ever brought one with regard to this dam? Not to my knowledge. There is a statement which I discovered subsequent to this case. It's not in the court record. In March 1920, the director of the Washington State Department of Fisheries acknowledges that the dam is then under construction and must either have a fishway in order to operate, or Seattle must provide a fish hatchery. So you've got to remember that in 1917, World War I hadn't ended. We were between two world wars, and nobody thought about this, it appears. There was a need to rush out electricity to protect the Pacific coast, to provide power where they build the shipyards, to provide electricity to Boeing's predecessor that built the aircraft for the war effort. And the tribal people, like the appellant in this case, were not even recognized as citizens until after that passage of the 1924 Citizenship Act made them citizens. So it was just a matter that appears to have been rushed out and built without anyone thinking about that as a priority. The panel has taken up all my time with questions, and I really haven't been able to make the presentation I intended to. So what's your pleasure? Shall I continue for a couple minutes? No, no. Thank you. I think I understand what's your main argument. I'll give you a minute or two for rebuttal. Okay. Thank you. Thank you, Mr. Vanderstoep. Your Honors, may it please the Court, my name is Kari Vanderstoep. I'm from the law firm of K&L Gates, and I represent the City of Seattle, the appellee in this action. With me at counsel's table is one of my colleagues from K&L Gates, Christina Ellis, and she's made an appearance in this case as well. We urge this Court to conclude that this unfounded lawsuit is neither the time nor the place to resolve the question of fish passage at Gorge Dam. Let me start out with a question that's troubled me. You prevailed in the district court on the ground that the district court did not have subject matter jurisdiction. That is to say, it's an attack on FERC. Well, how was the case then properly removed? Because 1441A specifies that a suit may be removed from state to federal district court in a case over which the district court has jurisdiction. And your argument is the district court never had jurisdiction. And I notice in your briefs to us, you don't quote 1441. You paraphrase 1441, and you say a suit may be removed from state court to federal court. You don't specify district court. What's going on here? Your Honor, this case was properly removed from state court to federal court based on the face of the claims that could be resolved in the federal district court in the event that the federal district court did not conclude that all of the claims were an impermissible collateral attack under Section 313 of the Federal Power Act. So if the federal district court was to reach the questions of whether or not the supremacy clause applied the establishing acts to this project, that was a federal question that raised a substantial question of federal law that could be resolved by the federal district court. And we would also argue, in the alternative, after the application of supplemental jurisdiction, that the federal district court also could have resolved whether or not the state law nuisance and common law claims involved substantial federal questions and concluded that they did. I noticed in the papers you filed originally in the district court at the time of removal that you quote 1441 accurately. You actually say to the district court. But when it comes to us, you're not quoting it accurately. What I'm wondering is, now that we have a determination by the district court that it did not have jurisdiction and that jurisdiction lay not in the district court but in the Court of Appeals, why shouldn't we remand because the district court never had jurisdiction? I mean, that's what the district court held. I think, Your Honor, that this gets directly to the question of the supplemental briefing that was requested in this case. And so if this court were to conclude that the district court properly decided that Soxhawtl's claims were an improper collateral attack on the cities for license and, therefore, it did not have subject matter jurisdiction, 281447C does not require remand to the district court with an instruction to then remand to state court. And the reason is that the Supreme Court's, this court's, and other federal court precedent provides that the reasons for finding that it lacks subject matter jurisdiction informs whether remand to state court is required under Section 1447C. Well, counsel, you know, I understand what you – I'm sorry. No, no, please. And it looks like in our most recent case involving the futility exception, your law firm was involved on the other side. Yes, I did see that. But putting our precedent aside for the moment, how does this so-called futility exception square with what appears to me to be the very clear language of 1447C? If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. So if we were looking anew at the futility exception and someone proposing that we adopt this, how could we possibly square that with the case shall be remanded? This court and the U.S. Supreme Court have both grappled with this question. So in Polo in 2016, this court pointed out that the Supreme Court, an international primate, mentioned in dicta that the language of 1447C suggests that there is no room for exceptions such as the futility exception. This court in Polo, however, recognized that the U.S. Supreme Court ultimately did not conclude that the futility exception was an inappropriate application with respect to 1447C. And instead, the U.S. Supreme Court actually analyzed the exception and concluded it was not futile to remand back to state court in that particular case because of the nature of the reason that subject matter jurisdiction was not found in that case. As a result, this court in Polo in 2016 also did not conclude that the futility exception is no longer good law and instead held that the futility exception, going through the analysis to apply it, simply was not applicable in the Polo case. And then, of course, we find ourselves this year to the global rescue jet case that was decided earlier this year in which a case that is on all fours with this case, the district court in that case held that remand was not required to state court because it was an absolute certainty that the state court also would be forced to dismiss the case based on failure to exhaust administrative remedies under the Medicaid Act. So either in the federal district court or in the state court, that was the same result. Overall, the Ninth Circuit still recognizes and applies the narrow futility exception to Section 1447, and the Supreme Court has not rejected it. So, counsel, I understand that argument, and I understand why you're making it. And it may be that under Miller v. GAMI, we are required to do just that. But my question was how do you square the so-called futility exception with what appears to me to be the very clear language of 1447, which says the case shall be remanded, and the use of the word shall in that statute certainly seems to be a mandatory usage of the word, not affording any discretion. So what is your best argument other than precedent, if you have one, as to why this language doesn't mean what it seems to say it means? I think the first point that I would like to make is that if you turn to the Supreme Court's decision in Franchise Tax Board, the U.S. Supreme Court summarizes the purposes of Section 1447C. And at 463 U.S. 1 at 8, the Supreme Court said, if it appears before final judgment that a case was not properly removed because it was not within the original jurisdiction of the United States District Courts, the District Court must remand it to the state court from which it was removed. So the focus, as the U.S. Supreme Court summarized the statute, is on the original grounds for removal. Here, we don't have a situation. Well, that's what happened in that case. Correct. But in the case in which it becomes clear afterwards, that was not the Franchise Tax Board case. So that Franchise Tax Board does not answer the question I think addressed to you by Judge Bennett. I think the way to look at this is to consider the fact that Section 1447C appears in the removal statutes in Title 28 of the U.S. Code and must be considered in that context, in the context of were the grounds, original grounds for removal, do they exist and do they continue to exist? Here, that is the case. Ultimately, when considering And do they continue to exist now? Yes, because the District Court could have resolved this case in one of two ways. Well, but the District Court didn't. The District Court said it does not have jurisdiction because this is an attack on FERC. Therefore, I think you have to concede then that at this point the District Court doesn't have jurisdiction because that's what the District Court just told you. Again, I think that the case law interpreting Section 1447C, I understand that there is a plain language argument here, but the case law that has interpreted it has concluded that the reasons for finding a lack of subject matter jurisdiction ultimately inform whether or not Section 1447C should apply and remand to state court is required. When it's futile because there's a failure to exhaust remedies in any court, the federal district court or the state court. Although this is not an exhaustion case. It is an exhaustion case. Section 313 of the Federal Power Act includes two provisions. It includes an administrative exhaustion provision. So if a party is not pleased with a FERC order, it must seek rehearing within 60 days. And then if it does only after it has sought rehearing, may it then exercise the exclusive jurisdiction provisions of the Federal Power Act. So it, in combination, is an administrative exhaustion and exclusive jurisdiction provision. And in this case, Soxhawtl did not exhaust its administrative remedies, just like the party in the Global Rescue Jet case, just like the parties in Seawall, which was another case we referenced, which is from the Seventh Circuit. If 1441 said, as you said it said in your briefing to us, removal to a federal court, I would agree with you. But, in fact, 1441CA doesn't say that. It says to a district court over a district court, to a district court that has jurisdiction. And we've now been told by the district court, a very competent district judge, that she has no subject matter jurisdiction. So I think the only way you can sustain what happened here is based on futility. You've heard Judge Bennett and I tend to agree with him that our case law on this point is wrong. But it is our case law. Tell me why it's futile. Is the arguments made here, are they frivolous? I mean, I think for it to be futile, the arguments have to be frivolous. I think there's a difference between something being futile for the purposes of determining whether remand to the state court is appropriate versus frivolous. We would not contend that these arguments are frivolous. We would contend that in this particular case, the claims made by Soxhawtl, it would be futile to remand them to state court because both the federal law claims and the state law claims made by Soxhawtl had to have been raised up through the administrative exhaustion and exclusive jurisdiction provisions of the Federal Power Act. Is there any claim that they have made, whether purportedly a supremacy law or congressional acts claim or a state claim, that doesn't turn on whether there needs to be a fishway? No. They are all of the same case in controversy. So there's no state claim that stands alone or separately that doesn't involve a federal or invoke sort of the federal jurisdiction? All of Soxhawtl's grounds for declaratory and injunctive relief are supported either by federal arguments or state law arguments that ultimately Soxhawtl contends should support both a declaratory judgment and a request for injunctive relief. I want to correct that from earlier during the earlier argument. They're asking for injunctive relief that the City of Seattle cannot operate the dam without fish passage or should be instructed to install fish passage by the courts. So what is your argument or recommendation today in light of all of this discussion? Your Honor, we would ask that you affirm the district court's conclusion that this case was properly removed and appropriately denied Soxhawtl's motion for remand. We would request that this court affirm the district court's conclusion that it did not have subject matter jurisdiction and no court would have subject matter jurisdiction for that matter under Section 313 of the Federal Power Act. And furthermore, we would request this court not remand to the federal district court with an instruction to remand to state court based on the futility exception in the global rescue jet case. And then we would dismiss them? Yes. Or that you're asking that we affirm? Asking that you affirm the dismissal that occurred in the federal district court. It would result in a dismissal. Correct. Help me understand why the arguments are futile. I mean, when we say that it's futile, what that really means is there is simply no chance and the arguments are frivolous. It's beyond any possibility of dispute. Correct. And I think, Your Honor, there is a strong line of case law that demonstrates that it's futile. To start, the U.S. Supreme Court in City of Tacoma versus Tacoma taxpayers held that state law attacks on a FERC license are impermissible collateral attacks that can only be raised through the administrative exhaustion and exclusive jurisdiction provisions of the Federal Power Act. That case is on all fours, which demonstrates that it's futile in this case. That case has been applied repeatedly by the Federal Circuit Court of Appeals in several different other cases. First, in the Tenth Circuit in Williams Natural Gas, very similar fact pattern. In the Ninth Circuit in Public Watchdogs. And in the Eleventh Circuit in Otwell v. Alabama. So all of those cases demonstrate that when you have a state law claim that attacks an important ingredient of a FERC license, it is an impermissible collateral attack. And therefore, the state court, just like the Federal District Court, would have to conclude that Soxhawatta failed to exhaust its administrative remedies as to all of its claims and would also be forced to dismiss. With that, Your Honors, I appreciate your time. Thank you. Thank you. Thank you. Mr. Fianta, I'll give you a minute. May it please the Court. First, I wanted to touch briefly and reference Article III of the U.S. Constitution, which was adopted contemporaneously with Article VI. At the time, Article VI, the Supremacy Clause, was adopted. Article III provided that there was only a Supreme Court, okay? There were courts of the 13 states and courts of the territories. So it was clearly contemplated that state judges could entertain federal questions during the course of a state adjudication. Your time is going to run on you. How do you respond to the argument that the case law is clear that state law attacks on FERC orders are within the exclusive jurisdiction of a federal court of appeals? Well, I guess I'd start by referring to the supplemental excerpts of record that are in the record at which Seattle states that, today, the Washington laws that make ownership or operation of certain dams without fish passage a gross misdemeanor or nuisance are part of the revised Code of Washington. I would say that a sovereign or a government cannot issue a permit, okay, essentially that, accepting the city's argument, since that law is still on the book, I don't think you can say a FERC license preempts a state criminal law. It might preempt other things, okay, but a state criminal law, that's not preempted by the Federal Power Act. That police power is reserved by the Tenth Amendment to the United States Constitution. So a mere license, I don't think, under the Federal Power Act can vitiate a state law. And under Washington state law, and perhaps the laws of every state, violation of a state criminal statute pretty much per se constitutes a nuisance. I guess that's how I would address that. As to the other arguments raised by the city. I'll let you make your concluding statement now. You're out of town. My conclusion is that, number one, the issues raised during the city's argument about exhaustion of tribal remedies or the FERC, here's what I really want to hit on, okay, is that the city has argued throughout this case that the federal laws that the tribe is relying upon or referenced in its complaint have been repealed. And the district court accepted that. Well, doesn't that mean there no longer is a federal question? If the laws the tribe relied and stated upon in its complaint as providing a basis under the Supremacy Clause have been repealed, there's no longer a Supremacy Clause issue, and the district court accepted that argument. So how is their jurisdiction? Thank you. So, Mr. Fiender, Ms. Vanderstoep, thank you for your oral argument presentation. The case of Soxwato Indian Tribe v. City of Seattle is now submitted.
judges: MURGUIA, FLETCHER, BENNETT